IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTRELL EUGENE WILLIAMS,

                Plaintiff,

  v.

KEVIN CARR, BRIAN FOSTER, M. LARSON,
RANDLE HEPP, TONY MELI, JOSEPH FALKE, KYLE
TRITT, JERMEY STANTIC, T. NELSON,
T. MITCHELL, D. DINGMAN, JOHN DOE WHITE
SHIRT SUPERVISOR #1 and #2, TORRIA VAN
BUREN, MARY MILLER, K. GRUBANAU, KRISTINA      OPINION and ORDER
DEBLANC, G. GRIFFITH, JAMIE ENGSTROM,
K. MIEDEMA, C. MELI, MARY MOORE, ANN              22-cv-231-wmc[1]
YORK, JANE DOE NURSES 1–3, ROBERT
AHLBORG, ROBERT WEINMAN, BRIAN TAPLIN,
M. WOLFF, J. MUENCHOW, JODI BARRETT,
CO LAMBERT, J. BEAHM, C. VOIGHT, B. FISHER,
C. BARKHURST, D. BUBLITZ, A. FELSKI,
C. GESEKE, J. DORN, CO GROVER, JOHN DOE
CO's 1–5, JANE DOE CO's 1–5, and WIS. DEP'T OF
CORR.,

                Defendants.

---

      Pro se plaintiff Quentrell Eugene Williams alleges that defendants violated his civil rights in several ways. Because Williams proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Williams's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

improperly joins defendants and has other deficiencies, but I will allow Williams to file an amended complaint to fix these problems.

## BACKGROUND

While incarcerated at Waupun Correctional Institution (WCI), Williams filed a complaint in federal court that is highly similar to his complaint in this case. Williams alleged that he was mentally ill and faulted defendants for, among other things, not doing more to address his "emotional problems and self-destructive tendencies." *Williams v. Foster*, No. 19-cv-1697-bhl, 2021 WL 148798, at *2 (E.D. Wis. Jan. 15, 2021). Williams sued 68 defendants and alleged "at least thirteen different incidents, between April 26, 2019 and September 3, 2020, that allegedly violated [various] constitutional rights." *See id.* The court determined that Williams's complaint failed to comply with Federal Rule of Civil Procedure 20(a)(2), which provides that defendants may be joined in a single case only if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences. *See id.* at *5. The court reasoned that Williams identified "at least 13 different incidents with different underlying facts, 68 different defendants, and many different unrelated claims (denial of mental health care, denial of medical care, excessive force, conditions of confinement, violation of the ADA, and due process)." *Id.* The court further reasoned that, although the incidents all occurred at WCI, that did not mean that they "'arose' out of the same events or incidents." *Id.* The court added: "Williams attempts to connect all of these unrelated incidents by claiming that the incidents collectively show a 'systemic custom and/or policy' that has created a 'culture' of constitutional violations at WCI, but the Court is unable to discern any common custom or policy that ties all of these incidents together." *Id.*

The court noted that, when a plaintiff has improperly joined defendants, the court ordinarily must sever the action into separate lawsuits or dismiss the improperly joined defendants. *Id.* But the court determined that this procedure was "much less helpful" because Williams attempted "to proceed on so many disparate claims against so many different, yet overlapping, defendants." *Id.* The court dismissed the case instead. *Id.*

ANALYSIS

Under Rule 20(a)(2), "[a] plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact." *See Decker v. Fed. Bureau of Prisons*, No. 22-2475, 2023 WL 2942455, at *2 (7th Cir. Apr. 14, 2023). A court may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

The multiple incidents that Williams alleges do not arise from the same set of events. Williams's complaint is materially identical to his complaint that was previously dismissed and violates Rule 20(a)(2) for the same reasons. Williams sues at least 46 defendants based on at least 13 incidents spanning months and alleges claims for disregard of safety, denial of medical care, excessive force, unlawful conditions of confinement, due process, and conspiracy. Many of the incidents on which Williams bases his claims happened at different times and primarily involve different defendants. Williams tries to tie these incidents together by alleging that defendants violated his rights pursuant to unlawful policies and customs, but his supporting allegations are conclusory. Williams simply repeats his allegations against the individual defendants at a higher level of generality and affixes legal labels to these generalized allegations like "systemic policy, practice, and/or custom." *See Williams*, 2021 WL 148798, at *5;

3

*cf. Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). Williams also alleges that defendants conspired to violate his federal rights, but his allegations are legal conclusions. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided.").

Because Williams attempts to proceed on various claims based on multiple incidents involving many different, but at times overlapping, defendants, it is impracticable to sever his complaint into separate lawsuits or dismiss the improperly joined defendants. *See Williams*, 2021 WL 148798, at *5. Instead, I will allow Williams to file an amended complaint that fixes this problem.

Williams's complaint has other problems. Williams organizes his complaint by headings that represent claims (e.g., disregard of safety, denial of medical care). Under each heading, he lists several "counts," many of which are based on separate events. To complicate matters, Williams includes more claims under certain headings. For instance, in the heading that represents his claim for disregard of safety, Williams includes claims for denial of medical care, excessive force, and unlawful conditions of confinement. Williams's "grouping" of his allegations in this way relates to his improper joinder of defendants and serves to "obscure[] his allegations" against them. *See Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017).

Another problem is that, in places, Williams refers to "defendants" without further identifying information, making it unclear which defendants he is referring to. Because "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation," *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (alteration adopted), Williams should specifically identify each defendant who has violated his

4

rights and avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Williams believes supports a claim, he should identify each defendant who took that action.

Williams's complaint also has substantive deficiencies. Williams cannot proceed against the Wisconsin Department of Corrections (DOC) because it is not a proper defendant in a federal civil rights action. *See Owens*, 878 F.3d at 563. Williams cannot proceed on his claims for declaratory and injunctive relief because he is no longer incarcerated. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Williams may not name the DOC as a defendant in his amended complaint or reallege his claims for declaratory and injunctive relief.

CONCLUSION

I will give Williams a final chance to amend his complaint to fix the above problems. Because Williams was incarcerated when he filed his complaint, I will order him to file his amended complaint on the court's prisoner complaint form. If Williams needs any further space to allege his claims, he may submit no more than five supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and have enough spacing between the lines and in the margins for the court to read it easily.

In drafting his amended complaint, Williams should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). The amended complaint's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Williams should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Williams should identify the claims he wishes to allege in the amended

complaint, but should omit any legal arguments. Williams should avoid organizing his complaint by headings and counts like he did in his complaint because that method failed to promote clarity.

Williams should carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law. Williams must explain what each defendant did, or failed to do, to violate his federal rights, and should avoid referring to defendants collectively. Williams should also identify by full name all the individuals he wishes to sue in the amended complaint's caption. If Williams does not know the name of an individual who allegedly violated his federal rights, he may name that individual as a Doe defendant in the amended complaint's caption and body. To the extent feasible, Williams should give each Doe defendant as specific a name as possible, such as "John Doe Day Shift Correctional Officer #1," or "Jane Doe Night Shift Nurse #2."

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until May 24, 2023, to file an amended complaint that fixes the above deficiencies.

3. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

4. If plaintiff does not comply with this order, I may dismiss the case.

5. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

7. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered April 24, 2023.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge