IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTRELL WILLIAMS,

                Plaintiff,                    OPINION AND ORDER

    v.

                                          22-cv-231-wmc

KYLE TRITT and ANN YORK,

                Defendants.

---

Plaintiff Quentrell Williams, a former inmate at Waupun Correctional Institution who is representing himself, is proceeding on Eighth Amendment claims against defendants Kyle Tritt and Ann York for their alleged failure to properly respond to Williams' threats of self-harm on July 2, 2019, and delay in getting Williams medical help when he started cutting himself again that same day. (Dkt. #9.) Defendants have moved for summary judgment on the grounds that Williams failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") because he filed an untimely inmate complaint and appeal. (Dkt. #16.) For the reasons explained below, the court will grant defendants' motion for summary judgment and dismiss this case without prejudice for lack of exhaustion.

OPINION

**I. PLRA Exhaustion**

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir.

2005).  The PLRA's exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "requires complying with the rules applicable to the grievance process at the inmate's institution," *Conyers*, 416 F.3d at 584; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").  However, prisoners are only required to exhaust administrative remedies that are available to them.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).

To exhaust administrative remedies in Wisconsin, a prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which requires the prisoner to file a complaint with the Inmate Complaint Examiner ("ICE") within 14 calendar days of the event giving rise to the complaint.  Wis. Admin. Code § 310.07(2).  The ICE shall give written notice to the inmate within 10 days of collection that the complaint has been received, *id.*, § 310.10(4), and then must return, reject, or accept and investigate a complaint, *id.*, § 310.10(2).  A late-filed complaint may be accepted for good cause at the discretion of the ICE, but the inmate must "request permission to file a late complaint in the written complaint and explicitly provide the reason for the late filing."  *Id.*, § 310.07(2); *see also* § 310.10(6)(e) (listing untimeliness as a reason for rejecting a complaint).  The inmate "may appeal" a rejected complaint within 10 days to the appropriate reviewing authority, who makes a final decision.  *Id.*, § 310.10(10).  An inmate's failure to exhaust constitutes an affirmative defense, which defendants must prove.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants move for summary judgment on the ground that Williams did not file either a timely inmate complaint or appeal regarding the July 2, 2019 incident. The record shows that Williams filed one inmate complaint regarding the July 2, 2019 incident, but he dated the complaint July 30, 2019, more than 14 days after the incident occurred. (Dkt. #18-3, at 8.) The ICE acknowledged receipt of the complaint on July 31, 2019, and rejected it on August 21, 2019, on the ground that Williams submitted it after the 14-day time limit without making a plea for good cause. (Dkt. #18-3, at 2.) Specifically, the ICE noted that Williams did not present evidence to show how he was denied the use of or prevented from using the ICRS since July 2, 2019. *Id*. While the ICE acknowledged that Williams noted in his inmate complaint that he was in clinical observation from July 2 to 17, 2019, and had "asked for good cause acceptance on my first two submission[s] on July 24 and July 25, 2019," (*see* dkt. #18-3, at 2), the ICE explained in his rejection that had Williams' complaint been a resubmission, it would have had two date stamps. In further support of their motion, defendants submit a declaration from the ICE, who avers that when any complaint is returned to an inmate, it is accompanied by an ICE return letter instructing the inmate to resubmit the original stamped inmate complaint when they refile the complaint, which is then stamped again. (Dkt. #18, at ¶¶ 15-16 and #18-3, at 2.) The ICE also avers that there is no record of Williams having submitted any prior complaints. (Dkt. #18, at ¶¶ 14-16 and #18-1.)

Williams responds that he was unable to exhaust his administrative remedies while he was in observation because the correctional officers refused to help him file a complaint, and avers that as soon as he was released from observation, he submitted an inmate

3

complaint in which he asked for good cause to toll the filing deadline because he had been in observation. (Dkt. ##19-20.) He also claims that the complaint was returned to him to make some unidentified corrections, which he made and resubmitted, but he never received a receipt or response, so he submitted a second complaint. (Dkt. #20, at ¶¶ 2-4.) Williams does not say whether he received a receipt for that second complaint, but he avers that the ICE told him in person that he does not like inmates filing complaints against his colleagues and that he "should just leave it alone." *Id.*, at ¶¶ 5-6. Williams responded by filing a third inmate complaint on July 30, 2019, which the ICE admits receiving.

Defendants rely on the Seventh Circuit's holding in *Lockett v. Bonson*, 937 F.3d 1016, (7th Cir. 2019), for the proposition that "[w]hen a state has a receipt mechanism for informing prisoners that it has received a grievance or an appeal, a prisoner cannot overcome exhaustion by simply alleging that he filed a timely grievance that was lost" and is "obliged to regard the absence of receipt as a red flag" and ask why he did not receive a receipt. However, the *Lockett* ruling depended in large part on there being no evidence that Lockett had made a "reasonable inquiry into the reason for the absence of a receipt." *Id*. at 1028; *see also Wilson v. Dittman*, No. 18-cv-360, 2021 WL 4067295, at *3 (W.D. Wis. Sept. 7, 2021) (denying summary judgment on issue of exhaustion because unlike Lockett, plaintiff attests that he did make a reasonable inquiry). Here, Williams avers that he followed all of the ICRS rules and continued to file complaints when he did not receive a timely response from the ICE regarding his initial and corrected complaints.

In any event, even assuming Williams' version of events is true and the ICE and prison staff in the observation unit somehow interfered with the timely filing of his initial

4

complaints, Williams has still failed to exhaust his claims because he did not file *any* timely appeal. While Williams appealed the rejection of his third inmate complaint on September 11, 2019, the reviewing authority (in this case, the warden) rejected the appeal because Williams filed it more than 10 days after the ICE's decision. (Dkt. #18-3, at 4-6.) Not only has Williams not provided any reason for waiting 22 days to file his appeal,[1] he has not responded to defendants' argument that his one and only appeal was untimely. In the absence of such evidence, Williams has failed to create a genuine dispute of fact as to whether he properly exhausted his administrative remedies. Accordingly, defendants' motion for summary judgment as to PLRA exhaustion will be granted.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment on exhaustion grounds (dkt. #16) is GRANTED.

2) Plaintiff's amended complaint (dkt. #8) is DISMISSED without prejudice for lack of exhaustion.

3) The clerk of court is directed to enter judgment in favor of the defendants and close this case.

Entered this 23rd day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court takes judicial notice of the fact that the 10th day after August 21, 2019, was August 31, 2019, which fell on the Saturday of the Labor Day holiday weekend. However, even excluding weekends and public holidays, Williams' appeal was still five days late.

5